## CONKLIN v. WEHRMAN.

*(Circuit Court, N. D. Iowa, W. D.  May 29, 1890.)*

1. ATTACHMENT—SUBSEQUENT SUIT BY PURCHASER—RES ADJUDICATA.
   Where the purchaser of land under an attachment afterwards sues in a court of competent jurisdiction to set aside a former deed of the land from the debtor in the attachment suit, as fraudulent, a judgment setting the deed aside is an adjudication of the validity of the writ of attachment, since, if the attachment proceedings had been invalid, the purchaser would have had no right to question the validity of the deed.

2. SAME—LACHES—ESTOPPEL.
   In a suit to quiet title it appeared that one G., under whom complainant claimed title, purchased the land in dispute at a sale under an attachment against one W., and afterwards sued to set aside a former deed from W. to defendant as fraudulent; that both defendant and W. had notice of the suit, but failed to defend, and the deed was set aside. The evidence showed that, at the time the deed was made, W. was insolvent, and defendant had no means. The taxes were paid by G. and his grantees, including complainant, and valuable improvements were made on the land. Defendant, having full knowledge of the facts, waited 25 years before setting up any claim to the land, when he brought ejectment. *Held*, that defendant was estopped to assert title as against complainant, and should be enjoined.

In Equity.  Bill to quiet title and enjoin actions at law.

*E. C. Herrick, W. L. Joy,* and *Warren Walker,* for complainant.
*Chas. A. Clark,* for defendant.

SHIRAS, J. From the evidence submitted in this cause the following facts are deducible: That in June, 1857, Adolph Wehrman bought the land in dispute in this case, together with other lands, from the United States, and obtained a patent therefor on or about the 1st day of December, 1859, the said realty being situated in O'Brien county, Iowa; that in 1858 said Adolph Wehrman became indebted to the firm of Greeley, Gale & Co., of St. Louis, Mo., and, as evidence of such indebtedness, executed his promissory notes to such firm; that in 1859 said Adolph Wehrman resided in Pierce county, Wis., and, having failed to pay his said notes to said Greeley, Gale & Co., the said firm brought suit thereon, in the circuit court of Pierce county, against said Wehrman, due personal service of process being made upon the said Wehrman, and also asking the foreclosure of a mortgage given by said Wehrman on a lot in Prescott, Wis.; that a decree of foreclosure was had in said cause, the realty sold, that the proceeds realized were applied to the liquidation of the amount due, in part, and that for the deficiency a judgment was duly docketed against said Adolph Wehrman on the 12th day of September, 1860, for $1,640.30; that on the 14th day of January, 1861, Greeley, Gale & Co. brought suit in the district court of O'Brien county, Iowa, against Adolph Wehrman, upon a transcript of the judgment rendered in Pierce county, Wis., and caused a writ of attachment to be issued by the clerk of said court against the property of said defendant, Adolph Wehrman; that at the time named said O'Brien county was a newly-organized county, and no seal had been as yet provided for the use of the clerk of the district court of said county; that in the writ of attachment so issued such fact was recited, and the clerk added a scroll to the writ as the only seal or semblance thereof that could be then placed thereon; that said writ of attachment so issued was levied upon the realty in question by the sheriff of said county; that the original notice of the commencement of said action by attachment was personally served upon Adolph Wehrman in Pierce county, Wis., on the 25th day of January, 1861; that on the 17th day of December, 1859, said Adolph Wehrman executed a deed of conveyance of some 2,060 acres of land in O'Brien county, Iowa, to Frederick Wehrman, including the land in controversy, which said deed was recorded in said O'Brien county on the 2d day of January, 1860; that the action by attachment pending in O'Brien county was changed by order of court to Woodbury county, upon the application of the plaintiffs therein, and on the 17th day of September, 1861, judgment was rendered in favor of the plaintiffs in the sum of $1,809.48, it being further ordered that the property attached should be sold to satisfy the judgment. No appearance for Adolph Wehrman was entered in the case. That said Greeley, Gale & Co. brought a suit in equity in the district court of O'Brien county, to the June term, 1862, against Adolph Wehrman, Augusta Wehrman, his wife, and Frederick Wehrman, for the purpose of setting aside the con-

veyance of the lands in O'Brien county by Adolph to Frederick Wehrman, on the ground that such conveyance was without consideration, and made to defraud complainants; that personal service of the original notice of such suit was made upon each of the defendants above named, in Pierce county, Wis. No appearance was made by said defendants, or either of them, in said suit, and on the 10th day of June, 1862, a default was taken, and a decree entered in said cause, setting aside such conveyance to Frederick Wehrman as a fraud upon the rights of complainants, decreeing said lands to be subject to the judgment in the attachment suit, and subject to be sold thereon as the property of Adolph Wehrman, and barring Frederick Wehrman from asserting any title or claim to said realty by virtue of said conveyance. That on the 16th day of June, 1862, an execution was issued upon the judgment in the attachment suit, under which the lands in question were sold to Carlos Greeley, and subsequently a sheriff's deed was executed to him, and duly recorded; that by proper conveyances the lands in dispute were conveyed to T. B. Conklin, the present complainant, in 1881 and 1882; that from 1861 to the time of the bringing of this suit the taxes on said lands were paid by Greeley, Gale & Co., Carlos S. Greeley, and his grantees, including complainant. It does not appear that either Adolph Wehrman or Frederick Wehrman ever paid any taxes on said lands, or any part thereof. That since 1882 the complainant, in the full-belief that he was the owner of the lands in question, has erected thereon a dwelling-house, a barn, a granary, corn-cribs, and made other improvements, including breaking up and putting under cultivation 270 acres of the lands; that it is not shown what consideration, if any, Frederick Wehrman paid to his brother Adolph for the conveyance of the lands to him, nor does it appear that he had financial ability to make such purchase; that the taxes of 1858 and 1859 were not paid, and, in the year 1860, the treasurer of O'Brien county sold the lands in question for such delinquent taxes to one C. C. Orr, to whom a tax-deed was issued in due time, and the same was duly recorded, and in May, 1871, said Orr executed a quitclaim deed for said lands to Carlos A. Greeley.

From the foregoing statement of facts it appears that the complainant has made out a title to the lands, unless the contention of defendant is sustained, to-wit, that the proceedings by attachment against Adolph Wehrman, and the bill against the present defendant, and the decree based thereon are wholly void, and that the tax-title is void because of want of authority to make the sale in the manner in which it was made. The position of the defendant is that to give the court jurisdiction in the attachment suit against Adolph Wehrman it was necessary that there should be a valid writ of attachment, and levy thereof upon the land, as Wehrman was not served with notice within the limits of the territorial jurisdiction of the court. The principal objection urged against the validity of these proceedings is that the writ of attachment did not have attached thereto a proper seal to authenticate it. The general rule is well settled, as to the class of writs or process issued under seal of the court, that the absence of the seal renders the writ void.

The absence of the seal shows that the writ has not been perfected. Lacking the proper evidence of issuance, it cannot be presumed that it was intended to be issued, and it is therefore without validity. The modern tendency, however, is to a relaxation of the former strictness in regard to curing formal defects in writs or other process. By the provisions of the statutes of Iowa now in force, the failure to attach the seal could be cured by an amendment. Is the general rule to be applied to a case of the peculiar character now under consideration? It is not an instance of a failure to attach the seal of the court to the writ, thereby justifying the conclusion that the same was issued without authority, but a case wherein the court was without an engraved seal, and in lieu thereof a scroll was used, the writ on its face reciting that the court had no other seal. The only purpose of the seal is to authenticate the issuance of the writ. May not such authentication be furnished in other ways, if for any reason a court is without an engraved seal for a time? Suppose that to-day the engraved seal of O'Brien county should be destroyed or be stolen, must all the judicial proceedings therein be brought to a stand-still, awaiting the procurement of another engraved seal? Would not this be subverting substance to mere form? Would it not be permissible for the court to continue the issuance of writs of attachment and executions having attached thereto a scroll as a seal, the writ on its face showing the reason therefor? The power to issue writs of attachment is conferred by the statutes of Iowa upon the courts of the state, and is wholly independent of the mode of authenticating the writ. The latter is merely the evidence of the exercise of the power by the court, and it is certainly going to an extreme length to hold that the exercise of the power to issue the writ granted by the statute is wholly dependent upon the existence of an engraved seal, and that in the absence thereof the power of the court is in abeyance. Whatever is the solution of this question, it was involved in the issues presented by the bill of equity filed by Greeley, Gale & Co. to set aside the conveyance of the realty by Adolph to Frederick Wehrman. It is not questioned that Greeley, Gale & Co. were creditors of Adolph Wehrman. Their claim had been established by a judgment duly obtained in Wisconsin. They were seeking to enforce the collection thereof by proceedings in O'Brien county. Averring that the conveyance made to Frederick Wehrman was made in fraud of their rights, and was colorable only, being without consideration, they brought a bill in equity against Adolph and Frederick Wehrman for the purpose of setting aside the transfer to the latter. The question whether the attachment proceedings gave Greeley, Gale & Co. a standing sufficient to authorize them to question the transfer to Frederick Wehrman lay at the very threshold of these proceedings. The court was one of competent jurisdiction. It proceeded to a decree setting aside the conveyance, and declaring the land to be the property of Adolph Wehrman, and as such to be subject to seizure and sale on behalf of complainants. If there was error in such conclusion touching the validity of the attachment writ, it was not an error affecting the jurisdiction of the court in the equity case. The court de-

termined that Greeley, Gale & Co. were entitled to question the validity of the transfer of the realty, and the effect of such decision and decree cannot be avoided by urging that the court erred in holding the writ of attachment to be valid. The state court had exactly the same jurisdiction to hear and determine the question of the validity of the seizure of the land under the writ of attachment as this court now has to investigate the same question. Being clothed with jurisdiction, and having determined the question, its decision and decree are not void, but must be respected and enforced. So long as that decree remains in force, it cannot be claimed that complainants are without title to the premises in dispute, for the sale made thereof to Carlos S. Greeley was in fact made under the authority of that decree.

If, however, the court is in error in the view taken of the force and effect to be given to the decree in equity setting aside the transfer to Frederick Wehrman, there is another and sufficient ground for a decree in favor of complainant. The evidence shows that both Adolph and Frederick Wehrman had actual notice of the proceedings brought to enforce the collection of the debt due Greeley, Gale & Co. by a sale of the lands as the property of Adolph Wehrman. Frederick Wehrman knew that his title was attacked. He permitted the decree to be taken, the sale to be made, and allowed Carlos S. Greeley to appear as the owner thereof for years. He never caused the lands to be assessed to himself, nor did he ever pay or offer to pay or attempt to pay any of the taxes assessed upon the property. Parties purchasing from Greeley finally commenced improving the property by cultivating the soil and erecting buildings thereon. For more than 25 years Frederick Wehrman remained wholly silent, knowing that by his silence he must, of necessity, be misleading others to their injury. In the bill filed in this cause it is charged that the transfer to him was without consideration, and for fraudulent purposes, yet he does not testify in relation thereto. There is no evidence showing that he ever paid anything for the lands, or that he, in fact, ever claimed the same as his own property, except the bare fact that, after a delay of a quarter of a century, he brought an action in ejectment to obtain possession of the property. The evidence on behalf of complainant shows that Adolph Wehrman, when he made the transfer, was insolvent; that Greeley, Gale & Co. were pressing the collection of their claim; that Frederick Wehrman was not in the possession of the means to pay the value of the lands so transferred to him, and there is no evidence that he ever paid a dollar therefor, or ever exercised any act of ownership over the same. The evidence, therefore, entirely justifies the finding that the transfer to the defendant was without consideration, and fraudulent, as against Greeley, Gale & Co., and that Frederick Wehrman never was in fact the real owner of the lands.

Under these circumstances the complainant, on the double ground that the defendant is not, in fact, the real owner of the property, and has no interest therein which he can avail himself of as against the equities of complainant, and that defendant has, by his conduct, es-

topped himself from asserting title against complainants, is entitled to a decree quieting his title against the claims now sought to be enforced by defendant, and enjoining Frederick Wehrman from further prosecuting the action of ejectment pending in his name.